## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AB TECHNOLOGIES, LLC, *et al.,* | Case No. 23-11132 (TMH) |
| Reorganized Debtor. | (Jointly Administered) |
| ALEXANDRE ZYNGIER, in His Capacity as the Creditor Trustee of the Creditor Trust, | |
| Plaintiff, | Adv. Proc. No. 25-50527 (TMH) |
| v. | |
| JOHN G. MELO, | |
| Defendant. | |

## DEFENDANT JOHN MELO'S REPLY BRIEF IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

Julia B. Klein (DE 5198)
**KLEIN LLC**
225 West 14 Street, Suite 100
Wilmington, DE 19801
(302) 438-0456
klein@kleinllc.com

*Counsel to John Melo*

Dated: December 8, 2025

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...............................................................................3

REPLY ..................................................................................................................6

   I.   THE BREACH OF FIDURIARY CLAIMS ARE IMPLAUSIBLE
BECAUSE THE ALLEGATIONS IN THE COMPLAINT ARE
CONTRADICTED BY DOCUMENTARY EVIDENCE INTEGRAL TO OR
EXPLICITY RELIED UPON IN THE COMPLAINT ........................................6

     1)   Zyngier Fails to Meet the Required Pleading Standard Because His
Allegations Are Not Plausible .............................................................................6

     2)   The Board's Ratification of Melo's Alleged Actions Render the Complaint
Implausible and Warrants the Dismissal of the Suit ........................................10

   II.   MELO'S ACTIONS ARE ENTITLED TO THE PRESUMPTION OF THE
BUSINESS JUDGMENT RULE; THE TRUSTEE'S FAILURE TO PLEAD
THAT THE BUSINESS JUDGMENT RULE DOES NOT APPLY ALSO IS
GROUNDS FOR DISMISSAL ........................................................................12

CONCLUSION ....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Albert v. Alex. Brown Mgmt. Servs*., 2005 Del. Ch. LEXIS 133 (Del. Ch. Aug. 25, 2005) ................................................................................................................12

*Am. Int'l Group, Inc. v. Greenberg*, 965 A.2d 763 (Del. Ch. 2009) ........................3

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart,* 845 A.2d 1040 (Del. 2004) ..........................................................................................................8

*Cede & Co. v. Technicolor*, 634 A.2d 345 (Del. 1993)..............................................3

*Cede & Co. v. Technicolor, Inc*., 634 A.2d 345 (Del. 1993) ....................................9

citing *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410 (3d Cir. 1997) ......7

*City of Warren Gen. Emples. Ret. Sys. v. Roche*, No. 2019-0740-PAF, 2020 Del. Ch. LEXIS 352 (Ch. Nov. 30, 2020) .......................................................................9

*Doe v. Princeton Univ*., 30 F.4th 335 (3d Cir. 2022)................................................6

*Drivetrain, LLC v. DDE Partners, LLC* (*In re Cyber Litig. Inc*.), 2023 Bankr. LEXIS 2584 (Bankr. D. Del. Oct. 19, 2023) .......................................................10

*Emerald Partners v. Berlin*, 787 A.2d 85 (Del. 2001) .............................................13

*Gantler v. Stephens*, 965 A.2d 695 (Del. 2009) ........................................................9

*Germaninvestments AG v. Allomet Corp*., 2020 Del. Ch. LEXIS 346 (Del. Ch. Nov. 20, 2020) ....................................................................................................3

*Guth v. Loft, Inc*., 23 Del. Ch. 255, 5 A.2d 503 (Del. 1939)....................................9

*Hoch v. Alexander*, 2013 U.S. Dist. LEXIS 92638 (D. Del. July 2013)................10

*In re Crimson Expl. Inc. S'holder Litig*., 2014 Del. Ch. LEXIS 213 (Del. Ch. Oct. 24, 2014) .......................................................................................................13

*In re Zale Corp. Stockholders Litig*., 2015 Del. Ch. LEXIS 274 (Del. Ch. Oct. 29, 2015) ............................................................................................................12

*James Cable, LLC v. Millenium Digital Media Sys., L.L.C.* (*In re Broadstripe, LLC*), 435 B.R. 245 (Bankr. D. Del. Dec. 1, 2020) ................................................5

*Joseph v. Frank* (*In re Troll Commc'ns*), 385 B.R. 110 (Bankr. D. Del. 2008) .....13

*Joseph v. Frank* (*In re Troll Communs., LLC*), 385 B.R. 110 (Bankr. D. Del. 2008) ...........................................................................................................................13

*Miller v. Bradley* (*In re W.J. Bradley Mortg. Capital, LLC*), 598 B.R. 150 (Bankr. D. Del. 2019)..................................................................................................13

*Nat'l Distillers & Chem. Corp. v. DOE*, 1980 U.S. Dist. LEXIS 1788 (D. Del. Oct. 23, 1980) ................................................................................................................8

*Off. Comm. of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit Partners L.P.* (*In re Fedders N. Am., Inc.*), 405 B.R. 527 (Bankr. D. Del. 2009) ......................................................................................................................3

*Off. Comm. of Unsecured Creditors of HH Liquidation, LLC v. Comvest Grp. Holdings, LLC* (*In re HH Liquidation, LLC*), 590 B.R. 211 (Bankr. D. Del. 2018) ...................................................................................................................................13

*Plan Adm'r v. 225 Bowery Mezz Lender LLC* (*In re 225 Bowery Lender LLC*), 2025 Bankr. LEXIS 2053 (Bankr. D. Del. August 25, 2025)...........................7, 8

*Scher v. Cent. Bank of India* (*In re Essar Steel Minn. LLC*), 2020 Bankr. LEXIS 2902 (D. Del. Oct. 15, 2020) ...............................................................................7

*see Thompson v. Alltran Fin.*, 2020 U.S. Dist. LEXIS 58897 (D.N.J. March 31, 2020) ................................................................................................................8

*Solomon v. Armstrong*, 747 A.2d 1098 (Del. Ch. 1999) ........................................13

*Stanziale v. Nachtomi* (*In re Tower Air, Inc.*), 416 F.3d 229 (3d Cir. 2005) ..........12

*Wood v. Baum*, 953 A.2d 136 (Del. 2008) ...............................................................8

John G. Melo hereby submits this reply in response to the opposition [Adv. D.I. 24] (the "Ans. Br.") by Alexandre Zyngier to Melo's motion to dismiss the complaint [Adv. D.I. 14, 17] (the "Op. Br.").  In support hereof, Melo respectfully states as follows:

## PRELIMINARY STATEMENT

1.     Zyngier, "not individually, but solely in his capacity as Creditor Trustee," brought this action "on behalf, and for the benefit, of the Creditor Trust Beneficiaries."[1]  His target is Melo, one of several former officers and directors of the Debtor who, along with Amyris' other board members and its Audit Committee, approved the financial transactions that contributed to the company's restructuring through bankruptcy in 2023.  Melo is Amyris' sole former officer and director who was not doled out a release, resulting in the Creditor Trustee seeking to litigate a recovery for Amyris' creditors in a vacuum.

2.     Advancing a curated list of allegations selectively drawn from substantial pre-suit discovery, Zyngier paints the picture of a rogue actor who grossly negligently and in intentional dereliction of his duties selfishly pursued his "ill-conceived vision to expand Amyris's consumer footprint"[2] and a deal with

---

[1]     Creditor Trust Agreement (Ob. Ex. at 2.

[2]     Cplt. ¶ 207.

strategic partner Givaudan that Zyngier, in hindsight, styles an "unattainable mirage."[3] The Creditor Trustee stops short only of accusing Melo of actual fraud.[4]

3.    But that picture is not plausibly alleged (in spite of Zyngier having at his disposal an already complete evidentiary record).  The Motion points this out, not by what Zyngier characterizes as factual disputes[5] barring pre-discovery disposition, but by demonstrating the Complaint's inconsistency both with allegations contained in the Complaint itself and facts contained in documents intrinsically relied upon but strategically omitted (the latter being scoffed at by Zyngier as "Melo's Self-Serving Narrative").[6]  Consequently, even if it finds that the Creditor Trustee is not barred by pursuing this action because he lacks standing while good conscience compels dismissal because necessary parties have been exculpated and cannot be joined,[7] the Court should dispose of the suit on the basis

---

[3]    Cplt. ¶ 200.

[4]    "Under our law, fraud can occur on in one of three ways: (1) an overt misrepresentation; (2) silence in the face of a duty to speak; or (3) active concealment of material facts." *Am. Int'l Group, Inc. v. Greenberg*, 965 A.2d 763, 804 (Del. Ch. 2009).  "Gross negligence generally requires that officers, directors, and managers fail to inform themselves fully and in a deliberate manner." *Off. Comm. of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit Partners L.P.* (*In re Fedders N. Am., Inc.*), 405 B.R. 527 (Bankr. D. Del. 2009) (citing *Cede & Co. v. Technicolor*, 634 A.2d 345, 368 (Del. 1993)).

[5]    Ans. Br. ¶¶ 3, 6, 21, 25, 44, 46-56 (setting forth the "contrary allegations" in the Complaint that are inconsistent with the documentary evidence supplied by the Motion).

[6]    Ans. Br. at 21.

[7]    *Germaninvestments AG v. Allomet Corp.*, 2020 Del. Ch. LEXIS 346, *1 (Del. Ch. Nov. 20, 2020) ("As master of his complaint, a plaintiff decides, among other things, who to sue, who not to sue, where to sue and what claims to bring. When a plaintiff elects not to sue a party who, in equity and good conscience, is deemed indispensable to the resolution of the pled claims, courts

that its implausible allegations do not open the door to further (and duplicative) proceedings.

---

of equity have long understood that the plaintiff's election not to sue that party cannot be countenanced and must be remedied.").

## REPLY

**I.    THE BREACH OF FIDURIARY CLAIMS ARE IMPLAUSIBLE BECAUSE THE ALLEGATIONS IN THE COMPLAINT ARE CONTRADICTED BY DOCUMENTARY EVIDENCE INTEGRAL TO OR EXPLICITY RELIED UPON IN THE COMPLAINT**

**1)    Zyngier Fails to Meet the Required Pleading Standard Because His Allegations Are Not Plausible**

4.    Zyngier alleges that recovery for the benefit of Amyris' creditors may be had because of Melo's supposed acts and omissions, but these allegations do not pass the *Twombly/Iqbal* Pleading Standard required to withstand dismissal for lack of plausibility.  Even when the facts are "well-pleaded[, where they] do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but not shown - that the pleader is entitled to relief." *James Cable, LLC v. Millenium Digital Media Sys., L.L.C.* (*In re Broadstripe, LLC*), 435 B.R. 245, 253-254 (Bankr. D. Del. Dec. 1, 2020).[8]

5.    Here, the Complaint does not entitle Zyngier to relief on theories of fiduciary breach: as pleaded, Plaintiff's allegations only give rise to the mere possibility of misconduct.  But that mere possibility does not cross the necessary

---

[8]    "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Determining whether a complaint is facially plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *James Cable, LLC v. Millenium Digital Media Sys., L.L.C.* (*In re Broadstripe, LLC*), 435 B.R. 245, 253-254 (Bankr. D. Del. Dec. 1, 2020) (internal quotations omitted).

threshold to plausibility, because the Complaint's allegations are internally inconsistent and also contradicted by information extraneous to its four corners.

6.      Melo's Self-Serving Narrative, compiled by Zyngier, serves as a good illustration of this latter point.  Ans. Br. pp. 20-24.  The Creditor Trustee urges the Court to disregard integral documents and Melo's Self-Serving Narrative they support because "the Complaint makes contrary allegations, necessitating a determination of fact." Ans. Br. ¶¶ 47, 49.  Their consideration would also, contends Zyngier, require the Court to "draw inferences in [Melo's] favor." *Id*. ¶ 44; *also see id*. ¶ 21 ("Melo … raises factual disputes that cannot be resolved in [his] favor at this stage."). That is not the case.  At this stage, the Court's task is limited to determining whether the facts alleged are *plausible*; not to evaluate truth and "adopt [one] version of events[.]" Ans. Br. ¶ 44.  Inconsistent documentary evidence aids the Court in using its common sense to determine whether the facts alleged in the Complaint *are* plausible – that is, whether a factual inference in Plaintiff's favor is warranted.

7.      The standard for considering such information is not, as Zyngier asserts, what he "used to prepare his Complaint."  Ans. Br. ¶ 44 n.31.  Rather, extraneous documents may be considered by the reviewing Court so long as they are, as here, "integral to or explicitly relied upon in the complaint." *Doe v. Princeton Univ*., 30 F.4th 335, 342 (3d Cir. 2022) (citing *In re Burlington Coat Factory Sec.*

*Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).    The same holds true for "any undisputedly authentic documents upon which the claims are based[.]" *Plan Adm'r v. 225 Bowery Mezz Lender LLC* (*In re 225 Bowery Lender LLC*), 2025 Bankr. LEXIS 2053, *14 (Bankr. D. Del. August 25, 2025).

> The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint -- lack of notice to the plaintiff -- is dissipated "where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)) [...] What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

8.    Zyngier protests that this rule would run counter to "Rule 12(b)(6), which requires that all reasonable inferences be drawn in the Plaintiff's favor." Ans. Br. ¶ 44. However, precedent interpreting Rule 12(b)(6) is clear that "contradictory allegations sometimes are a reason to support dismissal." *Scher v. Cent. Bank of India* (*In re Essar Steel Minn. LLC*), 2020 Bankr. LEXIS 2902, *7 (D. Del. Oct. 15, 2020).

9.    While this Court has held that it "may not review a document outside the pleading *merely because* it contradicts an allegation made in the complaint[,]"

*Plan Adm'r v. 225 Bowery Mezz Lender LLC* (*In re 225 Bowery Lender LLC*), 2025 Bankr. LEXIS 2053, *1 (Bankr. D. Del. August 25, 2025) (*emphasis* added), a review of a document outside the pleading may be permissible to conclude that a factual inference in favor of plaintiff is "unwarranted [when it] is expressly contradicted by the written document incorporated in plaintiff's complaint." *Nat'l Distillers & Chem. Corp. v. DOE*, 1980 U.S. Dist. LEXIS 17884, *5 (D. Del. Oct. 23, 1980); *also see Thompson v. Alltran Fin*., 2020 U.S. Dist. LEXIS 58897, *11 (D.N.J. March 31, 2020) ("If facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss."). "Likewise, inferences that are not objectively reasonable cannot be drawn in the plaintiff's favor." *Wood v. Baum*, 953 A.2d 136, 140 (Del. 2008) (citing *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart,* 845 A.2d 1040, 1048 (Del. 2004)).

10.    The Creditor Trustee cannot credibly claim that the documents attached to the Motion are not integral to the Complaint.  He readily admits that the "allegations [in the complaint] are supported by contemporaneous documents and emails already in Melo's possession[.]" Ans. Br. ¶ 24; *also see id*. ¶ 44 ("Melo offers a series of bullet-pointed "counter-narratives" based on some (but not all) of the documents that Plaintiff used in drafting the Complaint.").  Otherwise put, these

contemporaneous documents and emails, already in Zyngier's possession and some of which the Motion attaches, are integral to the allegations in the Complaint.

11.     For the foregoing reasons, the Court may and should at this stage consider the documents Melo attached to the Motion.[9]  Such consideration is not "procedurally improper at this stage." Ans. Br. ¶ 44.  It should also hold that the context requires a finding that the allegations in the Complaint are not plausible and grant the Motion.

### 2)     The Board's Ratification of Melo's Alleged Actions Render the Complaint Implausible and Warrants the Dismissal of the Suit

12.     As noted above, the Complaint must be dismissed because it fails to plausibly allege a cause of action based on breach of fiduciary duties.[10]  This is

---

[9]     Should the Court determine that it may not consider these documents under Rule 12(b), the Court may consider them by treating the Motion as one under Rule 56 for summary judgment. *See* Fed. R. Civ. P. 12(d).

[10]     The Creditor Trustee attempts to distinguish between a board member's fiduciary duties as an officer and that as a director (member of the board) of a company.  Ans. Br. ¶ 35; *also see* Complaint (asserting separate counts for alleged breaches of fiduciary duties owed as an officer and a director).

This distinction is not recognized by applicable law (and, consequently, the Creditor Trustee's counts attempting to make this distinction are duplicative). Under Delaware law, officers and directors are held to the same fiduciary duty standard: "That officers and directors of Delaware corporations have identical fiduciary duties has long been an articulated principle of Delaware law. *See, e.g., Guth v. Loft, Inc.*, 23 Del. Ch. 255, 5 A.2d 503, 510 (Del. 1939) (discussing the duty of loyalty applicable to officers and directors); *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 361 (Del. 1993) (same)." *Gantler v. Stephens*, 965 A.2d 695, 709 n.36 (Del. 2009). "Under Delaware law, officers of a corporation owe the same fiduciary duties as directors." *Gantler v. Stephens*, 965 A.2d 695, 708-09 (Del. 2009). *See City of Warren Gen. Emples. Ret. Sys. v. Roche*, No. 2019-0740-PAF, 2020 Del. Ch. LEXIS 352, at *27 n.132 (Ch. Nov. 30, 2020).

particularly so because Amyris' board and the Audit Committee assessed and ratified Melo's actions. Op. Br. ¶¶ 33-35; Ans. Br. ¶ 25.

13.     The Creditor Trustee argues that ratification is irrelevant at the motion to dismiss stage because "it is settled that officers and directors remain liable for breaches of fiduciaries when they mislead the company's board of directors, including misleading the board by failing to provide the board with critical facts." Ans. Br. ¶ 26.  The Creditor Trustee claims that the Motion must be denied because the instances of ratification contained in the Complaint's underlying documents are not properly considered by the Court at this stage.  Ans. Br. ¶ 25.  "Board ratification is a factual defense, not a pleading deficiency, and does not insulate a fiduciary who withholds or distorts material information."  *Id.*

14.     This contention has no credible support in applicable law. The cases to which the Creditor Trustee refers for this proposition are inapposite.  None of them were decided at the Rule 12(b)(6) pleading stage.  Ans. Br. ¶ 25. *See Drivetrain, LLC v. DDE Partners, LLC* (*In re Cyber Litig. Inc.*), 2023 Bankr. LEXIS 2584 (Bankr. D. Del. Oct. 19, 2023); *Hoch v. Alexander*, 2013 U.S. Dist. LEXIS 92638 (D. Del. July 2013); *Miller v. Bradley* (*In re W.J. Bradley Mortg. Capital, LLC*), 598 B.R. 150, 165–66 (Bankr. D. Del. 2019). *Drivetrain* was decided post-trial. In *Hoch*, the plaintiff did not allege, and thus did not put at issue, ratification in the complaint. Here, of course, Plaintiff did, thereby putting ratification directly at issue. Cplt. ¶

229. *Bradley* is inapposite because it involved allegations against multiple defendants.

15.    The ratification by Amyris' board of directors and Amyris' Audit Committee of the actions and omissions for which Zyngier seeks to hold Melo responsible renders the allegations in the Complaint implausible.  A dismissal is appropriate.

## II.    MELO'S ACTIONS ARE ENTITLED TO THE PRESUMPTION OF THE BUSINESS JUDGMENT RULE; THE TRUSTEE'S FAILURE TO PLEAD THAT THE BUSINESS JUDGMENT RULE DOES NOT APPLY ALSO IS GROUNDS FOR DISMISSAL

16.    Melo, acting in his capacity of an officer and director of Amyris, is entitled to the benefit of the business judgment rule.  "Under the business judgment rule, there is a presumption that [he] acted with due care in informing the Board. Therefore, the [Creditor] Trustee bears the burden of designating evidence from which a jury could find that [Melo] was grossly negligent[11] in failing to inform the

---

[11]    The concept of gross negligence has been well defined in Delaware jurisprudence.

> Gross negligence has a stringent meaning under Delaware corporate (and partnership) law, one which involves a devil-may-care attitude or indifference to duty amounting to recklessness.  In the duty of care context with respect to corporate fiduciaries, gross negligence has been defined as a reckless indifference to or a deliberate disregard of the whole body of stockholders or actions which are without the bounds of reason. In order to prevail on a claim of gross negligence, a plaintiff must plead and prove that the defendant was recklessly uninformed or acted outside the bounds of reason.

Board of material information." *Caruso v. Modany*, 2022 U.S. Dist. LEXIS 112856, *34 (S.D. Id. June 27, 2022). Zyngier, while repeatedly asserting in conclusory fashion that Melo acted with gross negligence, fails to support this claim with factual heft.

17. Regarding the business judgment rule and the requirement to address it at the pleading state, this Court has stated:

> The business judgment rule is an affirmative defense and should not be considered at the motion to dismiss juncture. *Stanziale v. Nachtomi* (*In re Tower Air, Inc.*), 416 F.3d 229, 238 (3d Cir. 2005). However, an exception exists if the issue appears on the face of the complaint. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). ***To survive a motion to dismiss when the issue appears within the complaint itself, the plaintiff must "plead around the business judgment rule" to show it is inapplicable.*** *Joseph v. Frank* (*In re Troll Commc'ns*), 385

---

*Albert v. Alex. Brown Mgmt. Servs.*, 2005 Del. Ch. LEXIS 133, *14-15 (Del. Ch. Aug. 25, 2005) (internal citations and quotations omitted).

> To support an inference of gross negligence, the decision has to be so grossly off-the-mark as to amount to reckless indifference or a gross abuse of discretion. Delaware law instructs that the core inquiry in this regard is whether there was a real effort to be informed and exercise judgment. Judicial inquiry into whether directors have exercised 'due care' in the decision-making context [and] involves an examination of whether the directors informed themselves, before making a business decision, of all material information reasonably available to them. In the context of a motion to dismiss, then-Vice Chancellor Strine explained that gross negligence requires the articulation of facts that suggest a wide disparity between the process the directors used . . . and a process which would have been rational.

*In re Zale Corp. Stockholders Litig.*, 2015 Del. Ch. LEXIS 274, *9-10 (Del. Ch. Oct. 29, 2015) (internal citations and quotations omitted).

B.R. 110, 118 (Bankr. D. Del. 2008) [citation omitted]. The plaintiff bears the burden of showing the business judgment rule is inapplicable. [*Off. Comm. of Unsecured Creditors of HH Liquidation, LLC v. Comvest Grp. Holdings, LLC* (*In re HH Liquidation, LLC*), 590 B.R. 211, 272 (Bankr. D. Del. 2018)] (citing *Solomon v. Armstrong*, 747 A.2d 1098, 1111-12 (Del. Ch. 1999)). This is a "near-Herculean task," […], and thus "an uphill battle." *Id.* (quoting *In re Crimson Expl. Inc. S'holder Litig.*, 2014 Del. Ch. LEXIS 213, at *9 (Del. Ch. Oct. 24, 2014)). A plaintiff can rebut the rule by showing that the fiduciaries "in reaching [their] challenged decision, violated any one of [the] triad of fiduciary duties: due care, loyalty, or good faith." *Joseph v. Frank* (*In re Troll Communs., LLC*), 385 B.R. 110, 118 (Bankr. D. Del. 2008) (citing *Emerald Partners v. Berlin*, 787 A.2d 85, 91 (Del. 2001)).

*Miller v. Bradley* (*In re W.J. Bradley Mortg. Capital, LLC*), 598 B.R. 150, 163-164

(Bankr. D. Del. 2019) (***emphasis*** added).

18.    Here the Creditor Trustee raised the business judgment within the

Complaint, and the issue accordingly appears within the Complaint itself. *See* Cplt.

¶¶ 206-207 ("Melo further violated his fiduciary duties to Amyris by committing

Amyris to a series of financially disastrous real estate leases, relying on superficial

and irrelevant comparisons *rather than sound business judgment* or proper due

diligence. These four retail leases, totaling over $64 million in rent obligations

annually, exacerbated Amyris's financial distress, depriving Amyris of cash to run

its business, and further demonstrating Melo's reckless decision-making. The retail

leases were part of Melo's ill-conceived vision to expand Amyris's consumer

footprint into high-profile retail locations.") (*emphasis* added); *id.* ¶ 257 ("Melo's rationale for committing to the Miami and New York Leases was solely on his "gut feeling" based on one superficial and irrelevant comparison. These leases proved financially disastrous and exacerbated Amyris's financial instability."). Nevertheless, the Creditor Trustee does not bother to plead around the business judgment rule.  He also fails to adduce sufficient facts to make Melo's actions and/or omissions plausibly grossly negligent.  This also is grounds for dismissal.

## CONCLUSION

The Complaint should be dismissed for the reasons set forth in Melo's motion to dismiss.  Dismissal with prejudice is appropriate.

Respectfully submitted,

**KLEIN LLC**

*/s/ Julia Klein*
Julia B. Klein (DE 5198)
225 West 14 Street, Ste. 100
Wilmington, DE 19801
(302) 438-0456
klein@kleinllc.com

*Counsel to John Melo*