**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AB TECHNOLOGIES, LLC, *et al.*, | Case No. 23-11132 (TMH) |
| Reorganized Debtor. | Jointly Administered |
| ALEXANDRE ZYNGIER, in His Capacity as the Creditor Trustee of the Creditor Trust, | Adversary Proceeding |
| Plaintiff, | Adv. Proc. Case No. 25-50527 (TMH) |
| v. | |
| JOHN G. MELO, | |
| Defendant. | |

**STIPULATION AND PROTECTIVE ORDER**

This Stipulation and Protective Order ("Stipulation" or "Protective Order") is entered into by and among: (i) Plaintiff Alexandre Zyngier as Creditor Trustee of the Creditor Trust ("Plaintiff"); and (ii) Defendant John G. Melo ("Defendant," and with the Plaintiff, the "Parties").

WHEREAS the Parties hereby stipulate, by and through their respective attorneys of record, subject to Court approval, to entry of the following Protective Order:

1. This Stipulation shall apply to any information, document or thing that has been or will be produced in discovery or otherwise disclosed (the "Discovery Materials") in the above-captioned case (the "Adversary Proceeding"). Discovery Materials shall include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission; documents and things produced in discovery or voluntarily or pursuant to any other

1

type of request; and documents and things provided pursuant to subpoena in connection with the Adversary Proceeding. Discovery Materials shall also include all information, filings, documents, and things derived from, based on or incorporating any of the foregoing material.

2.      Discovery Materials, or information derived therefrom, shall be used solely in connection with the Adversary Proceeding, and shall not be used for any other purpose, unless the Discovery Materials fall within the provisions of subparagraphs 4(a) to (d) below.

**Designation of Discovery Materials as Confidential**.

3.      Any Party or non-Party providing Discovery Materials (the "Designating Party") may designate as "Confidential" that portion of any Discovery Material produced or disclosed in the Adversary Proceeding (whether or not the Designating Party is the Party that produced or disclosed those Discovery Materials) that the Designating Party in good faith believes meets the criteria in paragraph 5 below, provided that Confidential Information shall not include:

(a)      information that is at any time independently conceived, developed, or discerned by the Receiving Party (as defined in paragraph 7 below) without use of or reliance upon any Discovery Materials;

(b)      information that was, prior to disclosure, rightfully in the possession of the Receiving Party and not otherwise subject to a duty of confidentiality;

(c)      information that is or later becomes publicly available; and

(d)      information that was, is, or becomes public knowledge, other than in violation of this Protective Order or any other known legal obligation.

4.      A Designating Party may designate as "Confidential" any Discovery Materials, or any portion(s) thereof, that are proprietary or commercially sensitive, contain private personal information, contain non-public financial information, or are subject to protection under applicable contract, law or regulation ("Confidential Information"). Confidential Information includes, but is not limited to, the following types of information:

2

(a)      non-public information that is of a personal nature;

(b)      non-public information that is of a business, financial, or commercial nature;

(c)      non-public information that constitutes confidential research or business development, confidential technical information and data, or trade secrets;

(d)      non-public information relating to finances, employee compensation or taxes concerning one or more of the Parties, its affiliates, employees, or clients; and

(e)      information that a Party is required by court order, law or regulation to protect from disclosure.

5.      Where practicable, the Designating Party shall designate Discovery Materials as Confidential by applying the legend "Confidential" to the Discovery Materials. In the case of data stored in electronic form, the legend shall be printed on the cover or container of the disk, tape or other medium in which the electronic data is produced. If such measures are not practicable, the Designating Party shall designate the Discovery Materials as Confidential through other feasible means. Where the Designating Party was not the Party that produced or disclosed the Discovery Materials, the Designating Party shall designate Discovery Materials as Confidential by written notice to the other Party. During the course of a deposition, any Party may designate testimony, portions thereof, and/or exhibits introduced or discussed during the deposition as Confidential Information or Attorneys' Eyes Only Information, and such testimony and/or exhibits shall be appropriately marked and bound separately. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of twenty (20) business days after a final transcript of said deposition is received by counsel for each of the Parties, after which time the Confidential Information designation shall expire, except that any testimony and/or exhibit marked as Confidential Information or Attorneys' Eyes Only Information during the course of the deposition and not thereafter de-designated shall remain Confidential Information. Upon review of the final

transcript, any Party may de-designate or designate any portions of the transcript as Confidential Information or Attorneys' Eyes Only Information, subject to the guidelines established in this paragraph 6 as well as paragraphs 5 and 8 herein.

**Non-Disclosure of Confidential Information.**

6.      Confidential Information shall be maintained in confidence and shall not be shared by any Party that receives the Confidential Information (the "Receiving Party") with any person other than:

(a)      counsel for the Parties (at which time such counsel will be deemed a Receiving Party) and their legal, clerical or support staff working under such counsel's supervision;

(b)      the Receiving Party's agents, or employees whose review of the Confidential Information is necessary (as determined in the reasonable discretion of the Receiving Party) for the Adversary Proceeding;

(c)      expert witnesses, prospective experts, or consultants who are employed or retained by the Receiving Party or its counsel in connection with the Adversary Proceeding, provided that counsel, in good faith, requires their assistance;

(d)      any author or original recipient of the Confidential Information;

(e)      noticed deponents and disclosed witnesses in the Adversary Proceeding, where such disclosure is reasonably necessary for the purposes of deposition or trial preparation, subject to the Party seeking to share such information providing sufficient advance notice to the other Party of its intent to share Confidential Information with a disclosed witnesses and identifying such Confidential Information to permit the Party to object to its disclosure and, if necessary, obtain a protective order or other appropriate remedy from the Court;

(f)      the United States Bankruptcy Court for the District of Delaware (the "Court") and its personnel, subject to paragraph 11 below;

(g)      professional vendors of litigation services to whom disclosure is reasonably necessary for purposes of the Adversary Proceeding, including depositions videographers, reporters and their staffs;

(h)      any other person, with the express written authorization of the Designating Party, or upon order of the Court;

4

(i)     the members of the Creditor Trust Oversight Committee (as defined in the Plan), where such disclosure is reasonably necessary for the purposes of trial preparation or to evaluate the terms of any proposed settlement of this Adversary Proceeding; and

(k)     The Office of the United States Trustee ("U.S. Trustee").

7.      Attorneys' Eyes Only. Notwithstanding the other provisions of this Stipulation, including paragraph 7, a Designating Party may designate certain Confidential Information as "Attorneys' Eyes Only Information," in which case such Confidential Information may be viewed by persons described in paragraphs 6(a)-(b), (d)-(h), and (j), subject to paragraph 11, but may not otherwise be disclosed. "Attorneys' Eyes Only Information" means that subset of Confidential Information, as defined in paragraph 5 above, which would not normally be disclosed to the Parties or to the public at large, would be maintained in confidence and that the Designating Party in good faith believes is so personally, economically, or competitively sensitive that disclosure would materially affect or threaten injury to personal, business, commercial or financial interests. Such Attorneys' Eyes Only Information includes, but is not limited to, trade secrets or other highly sensitive personal, financial, commercial or proprietary research and development information. The requirements of paragraphs 4(a)-(d) and 6 above are hereby incorporated by reference and will apply to such Attorneys' Eyes Only Information produced in the Adversary Proceeding, except that the marking shall state: "Confidential – Attorneys' Eyes Only."

8.      Depositions. During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information or Attorneys' Eyes Only Information, counsel may require that all persons other than the reporter, counsel, and individuals entitled to view the Confidential Information or

Attorneys Eyes Only Information, as the case may be, leave the room during the relevant portion of the deposition or interview.

9.    Acknowledgment and Agreement. Confidential Information (including, but not limited to, Confidential Information designated as Attorneys' Eyes Only Information) may be shown to persons described in paragraphs 7(d), (f), (h), (i), and (j) (but who do not otherwise fall within paragraphs 7(a)-(c), (e), (g)) (the "Permitted Acknowledgement Recipients") only on the condition that counsel for a Receiving Party first provide a copy of this Protective Order to such person(s) and such person(s) first execute an Acknowledgment and Agreement in the form annexed as Exhibit A hereto prior to receiving such materials.   A copy of such executed Acknowledgment and Agreement shall be provided to both Parties.

10.    Filing Of Confidential Information. Any Party filing Confidential Information or Attorneys' Eyes Only Information with the Court shall file the document under seal as a restricted document in accordance with Del. Bankr. L.R. 9018-1 and any applicable Chambers Procedures. The filing party shall comply fully with the requirements of Del. Bankr. L.R. 9018(d), including, but not limited to, filing of a motion requesting permission to seal the document. The filing party shall file a publicly viewable redacted form of the document in accordance with Del. Bankr. L.R. 9018-1 and any applicable Chambers Procedures which form shall redact all content that any party asserts is Confidential Information. The mere inclusion in a paper or pleading of factual information derived from documents or things marked "Confidential Information - Subject to Protective Order" or "Attorneys' Eyes Only Information - Subject to Protective Order" will not require that paper or pleading to be filed under seal if factual information actually contained in that paper or pleading would not itself be properly subject to such designation.

11.     <u>Disclosure in Court Proceeding</u>. Counsel shall confer on such procedures as are necessary to protect the confidentiality of Confidential Information or Attorneys' Eyes Only Information used in the course of any court proceeding in the Adversary Proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the court for resolution. The U.S. Trustee shall be permitted to consult with the Parties or the Court in connection with such procedures or the exposure of particular Confidential Information or Attorneys' Eyes Only Information.

12.     <u>Disclosure Required by Law</u>. In the event that a Receiving Party or a Permitted Acknowledgement Recipient is required, by interrogatories, subpoena, civil investigative demand, demand or inquiry from a regulatory body or agency, or similar legal process or applicable law or regulation, to disclose any Confidential Information or Attorneys' Eyes Only Information received from a Designating Party, it is agreed that the Receiving Party or Permitted Acknowledgement Recipient, if so entitled given the nature of the legal process, demand, or request at issue, will provide all of the Parties with prompt notice of such event so that one or more of the Parties may seek a protective order or other appropriate remedy or, with the consent of all of the Parties, waive compliance with the applicable provisions of this Stipulation. In the event that one or more of the Parties determines to seek such protective order or other remedy, the Receiving Party or Permitted Acknowledgement Recipient shall not disclose the Confidential Information or Attorneys' Eyes Only Information at issue in response to the relevant legal process, demand, or request, if so entitled under applicable law, during the pendency of the request for such protective order or other remedy. In the event such protective order or other remedy is not obtained and disclosure of Confidential Information or Attorneys' Eyes Only Information is required under law, or all of the Parties grant a waiver hereunder, the Receiving

Party or Permitted Acknowledgement Recipient (i) may, without liability hereunder, furnish that portion (and only that portion) of the Confidential Information or Attorneys' Eyes Only Information that the Receiving Party or Permitted Acknowledgement Recipient is legally required to disclose, and (ii) will exercise its commercially reasonable efforts to have confidential treatment accorded to the Confidential Information and Attorneys' Eyes Only Information so furnished. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information or Attorneys' Eyes Only Information covered by this Protective Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

13.    No Waiver. The failure to designate any Discovery Materials as Confidential or Attorneys' Eyes Only does not constitute a waiver of such claim. If at any time any of the Parties determines or realizes that certain testimony or some portion of Discovery Materials that was previously produced should be designated as Confidential Information or Attorneys' Eyes Only Information, that Party may notify the other Party in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information or Attorneys' Eyes Only Information under the terms of this Stipulation, provided that the Party designating the Confidential Information or Attorneys' Eyes Only Information shall, at its cost, provide the other Party with substitute copies, bearing the appropriate legend, of any such Discovery Materials. If such information has been disclosed by a Receiving Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information

or Attorneys' Eyes Only Information, such disclosure does not constitute a violation of this Protective Order.

14.     Disputes over Designation of Discovery Materials. In the event that any Party objects to any designation of testimony or Discovery Materials as Confidential Information or Attorneys' Eyes Only Information (the "Objecting Party"), the Objecting Party shall notify the other Parties in writing, stating the grounds of the objection. The Parties shall meet and confer in good faith within a reasonable time following the Designating Party's receipt of an objection from the Objecting Party to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Court pursuant to the Court's individual rules and procedures that such information should not be treated as Confidential Information or Attorneys' Eyes Only Information. No Confidential Information or Attorneys' Eyes Only Information shall be filed in the public record prior to such a determination by the Court.

15.     Inadvertent Production. In the event that any Party inadvertently produces any material that it determines is privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection from disclosure (the "Clawback Party"), such materials ("Protected Information") may be retrieved by the Clawback Party by giving written notice to the other Party receiving such Protected Information. Inadvertent production of Protected Information shall not be deemed a waiver of, or estoppel as to, any claim asserted by the Clawback Party that the materials in question constitute Protected Information. Upon receipt of written notice that a Clawback Party intends to retrieve Protected Information, the other Party and Permitted Acknowledgement Recipients who have received a copy of the Protected Information shall immediately cease from reviewing such Protected Information and shall

9

promptly destroy or return all copies of such Protected Information to the Clawback Party and shall promptly instruct all persons with him they have shared such Protected Information (including, without limitation, persons described in paragraph 6(a)-(d), (i)-(k)) to promptly destroy or return all copies of such Protected Information to the Clawback Party. As to Confidential Information that has been received electronically and that cannot be returned, deleted, or destroyed, the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Information and Attorneys' Eyes Only Information present on the recipient's computer, server, or any backup media. The terms of this paragraph shall not be deemed a waiver of the other Parties' right to challenge the Clawback Party's designation of materials as Protected Information. The Parties and Permitted Acknowledgement Recipients who have received a copy of the Protected Information shall not use any inadvertently produced Protected Information, or information gleaned exclusively from any inadvertently produced Protected Information, in connection with the Adversary Proceeding or any other actions or proceedings. Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and by Protective Order of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of Discovery Materials in this case shall constitute a waiver of any applicable attorney-client privilege, any applicable work product protection or any other privilege in this or any other federal or state proceeding under any circumstances.

16.    No Bar to Use of Party's Own Discovery Material. This Stipulation has no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery Material.

17.    Binding Effect. The Parties agree to submit this Stipulation for entry by the Court and to be bound by its terms while awaiting its entry by the Court. The provisions of this Protective Order shall, absent written consent of the Parties or further order of the Court,

10

continue to be binding throughout the disposition of the Adversary Proceeding by final, unappealable order. All right, title, and interest in the Confidential Information and Attorneys' Eyes Only Information shall remain with the Designating Party, provided that the right, title, and interest to attorney work product prepared by the Receiving Party or its Permitted Acknowledgement Recipients, including, without limitation, analyses, studies, summaries, or other documents or materials ("Work Product"), that refer to or relate to Confidential Information and/or Attorneys' Eyes Only Information, shall belong to the attorney who created such Work Product, provided further that for Work Product that contains Confidential Information and Attorneys' Eyes Only Information, such Work Product shall remain subject to this Agreement even after the expiration of this Protective Order. Notwithstanding the foregoing, counsel to any Party shall be entitled to retain court papers, deposition and court transcripts, and Work Product prepared by the Receiving Party or its Permitted Acknowledgement Recipients that refer to or relate to Confidential Information and Attorneys' Eyes Only Information, provided that the Receiving Party must take reasonable measures to ensure that unauthorized persons do not have access to Work Product that refers to or relates to Confidential Information and Attorneys' Eyes Only Information. The Parties and Permitted Acknowledgement Recipients shall be entitled to maintain Confidential Information or Attorneys' Eyes Only Information to the extent required by law, rule, or regulation (including regulations of a stock exchange or a self-regulatory body); provided, however, that such information shall remain subject to the terms of this Protective Order.

18.     Notice. Notice required or permitted to be given for any purpose under this Protective Order shall be delivered to the following Parties in writing by electronic mail and U.S. Mail as follows: (i) Plaintiff, by and through his counsel, BOIES SCHILLER FLEXNER LLP,

11

55 Hudson Yards, New York, NY 10001 (Attn: Gordon Z. Novod; gnovod@bsfllp.com); (ii) Defendant, by and through his counsel, Klein LLC, 225 West 14th Street, Suite 100 Wilmington, Delaware 19801 (Attn.: Julia Bettina Klein; klein@kleinllc.com). These designations can be changed by providing notice to the Parties in writing by electronic mail and U.S. Mail in accordance with this paragraph.

19.     Continuing Jurisdiction. The Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation upon appropriate motion by a party in interest. Nothing herein shall preclude any party from seeking to amend or modify the terms of this Protective Order upon appropriate motion and order of the Court.

20.     Remedies for Breach. A Receiving Party acknowledges that remedies at law for any actual or threatened breach by the Receiving Party shall be inadequate and that the Designating Party shall be entitled to seek equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Stipulation.

21.     Advice of Counsel. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Adversary Proceeding and, in the course thereof, relying on examination of Discovery Materials provided that the restrictions.

22.     Counterparts. This Stipulation may be executed in multiple counterparts. The Parties agree that their respective signatures will be effective and a counterpart containing an electronic copy of the signature page shall have the same force and effect as an original.

Dated: April 9, 2026

**BPOIES SCHILLER FLEXNER LLP**          **KLEIN LLC**

_/s/ Frank H. Griffin_                                            _/s/ Julia Klein_
Frank H. Griffin (DE Bar. No. 7318)            Julia B. Klein (DE 5198)
1401 New York Avenue                              225 West 14 Street, Ste. 100
Washington, DC  20005                             Wilmington, DE 19801
212-446-2347                                             (302) 438-0456
fgriffin@bsfllp.com                                      klein@kleinllc.com

and                                                               _Counsel to John Melo_

Gordon Z. Novod (_admitted pro hac vice_)
55 Hudson Yards
New York, NY 10001
212-446-2300
gnovod@bsfllp.com

_Attorneys for Creditor Trustee and the_
_Creditor Trust_

Dated: April 15th, 2026                    **THOMAS M. HORAN**
Wilmington, Delaware                     **UNITED STATES BANKRUPTCY JUDGE**

13

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AB TECHNOLOGIES, LLC, *et al.*, | Case No. 23-11132 (TMH) |
| Reorganized Debtor. | Jointly Administered |
| ALEXANDRE ZYNGIER, in His Capacity as the Creditor Trustee of the Creditor Trust, | Adversary Proceeding |
| Plaintiff, | Adv. Proc. Case No. 25-50527 (TMH) |
| v. | |
| JOHN G. MELO, | |
| Defendant. | |

**ACKNOWLEDGMENT & AGREEMENT**

I, _____, affirm:

I reside at the City/County of _____ and State of _____.

I have read the annexed Protective Order, dated _____, 2026.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for the limited purposes of enforcing its terms.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of the Adversary Proceeding, any information designated as Confidential or Attorneys' Eyes Only (as defined in the Protective Order).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _____

Signature: _____

Name: _____

2